UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROGER L. LONGWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-323 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of objections by Plaintiff, Roger Longworth, ("Plaintiff") [Doc. 19] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 18]. Magistrate Judge Guyton found that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 14] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 16] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If,

under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

As an initial matter, an ALJ denied Plaintiff's previous application for disability benefits on December 23, 2003, which Plaintiff did not appeal. As more fully discussed by the ALJ and Magistrate Judge Guyton, the doctrine of res judicata applies to evidence on the record pertaining to the previous disability determination. [Doc. 18 at 1]; (Tr. 13). As recognized by Magistrate Judge Guyton, such evidence was "not considered by the ALJ under the doctrine of res judicata and is not before this Court for consideration." [Doc. 18 at 8.] Accordingly, the Court will proceed to address Plaintiff's objections in light of the applicability of res judicata to this case.

Plaintiff's first objection is that the ALJ erred in failing to find Plaintiff's mental impairments and headaches to be severe. In other words, Plaintiff contends that the ALJ erred at step two of the sequential evaluation process by failing to include his alleged mental impairments and headaches in the severity inquiry. As properly noted by Magistrate Judge Guyton, "the ALJ found plaintiff suffers from severe impairments of hearing loss and tinnitus (Tr. 14-15). Upon making this conclusion, the ALJ then continued with the sequential analysis required by the regulations (Tr. 14-16)." [Doc. 18 at 7.] *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (stating that step two is satisfied if the claimant has "any medically determinable physical or mental impairment(s)"). The ALJ properly determined that Plaintiff had "any" medically determinable impairment, so there was no error by the ALJ as to step two of the sequential evaluation process. Thus, this objection will be overruled.

Plaintiff's second objection is that the ALJ failed to consider the effects of his mental impairments and headaches on his ability to work. As to the effect of headaches, Plaintiff relies on records "dated April 28, 1997 through August 16, 2006, [that] reveal ongoing treatment for chronic migraine headaches and his history of head injury." [Doc. 19 at 6.] However, as previously discussed, records prior to December 24, 2003 were not considered by the ALJ due to the doctrine of res judicata and are not for the Court's consideration. [Doc. 18 at 8.] Thus, the Court does not consider the medical records prior to December 24, 2003, that Plaintiff relies on in making his contention of headaches affecting his ability to work. [Doc. 19 at 6]; (Tr. 158-62). As to the remaining evidence, the ALJ found that the "record does not reveal chronic, frequent, severe headaches." (Tr. 14). Substantial evidence supports

3

this finding. Though the record indicates that Plaintiff suffered from headaches, Plaintiff failed to present evidence that his headaches contributed to his functional limitations. (Tr. 179-80; 243). The only limitation determined by the non-treating state physicians who reviewed Plaintiff's medical files related to hearing and noise. (Tr. 209-15; 217-23). Neither of the non-treating state physicians indicated limitations on Plaintiff's ability to work due to headaches. (Tr. 209-15; 217-23). Thus, substantial evidence supports the ALJ's conclusion that the "record does not reveal chronic, frequent, severe headaches." (Tr. 14).

As to Plaintiff's contention that the ALJ failed to consider the effects of his mental impairments on his ability to work, the Court finds that substantial evidence supports the ALJ's conclusion regarding Plaintiff's mental impairments. (Tr. 15). The Court reiterates that it does not consider evidence subject to the doctrine of res judicata. As noted by Magistrate Judge Guyton, the ALJ considered the Plaintiff's testimony "impairments, limitations, and pain" in combination in light of medical evidence, inconsistencies, and his observation of Plaintiff at the hearing. [Doc. 18 at 9]; (Tr. 14). In a series of visits with Dr. Ahmed, a staff psychiatrist, Plaintiff was recorded as "den[ying] morbidity of mood," "den[ying] any mood symptoms suggestive of major mood pathology," and "den[ying] any other mood or anxiety disturbances." (Tr. 247-58). During a January 29, 2004, visit with Dr. Ahmed, it was recorded that "[a]part from his sleep disturbance, he denies any other problems." (Tr. 135). By August 26, 2004, Plaintiff reported "his sleep has overall been restful." (Tr. 129). On March 10, 2005, Plaintiff reported "that he is doing well" and "sleeps adequately." During other visits with Dr. Ahmed, it was recorded that Plaintiff reported "he

4

is doing fine" and repeatedly observed Plaintiff as "[p]leasant and interactive." (Tr. 247-58). Dr. Ahmed further noted that Plaintiff reported a "euthymic mood." (Tr. 247-58). On February 9, 2006, Dr. Ahmed recorded "[n]o complaints in the spectrum of psychic distress reported." (Tr. 249). Dr. Irizarry's treatment notes indicated that Plaintiff "reports his depression is much better" and did not prescribe medications for depression or other mental impairments. [Doc. 18 at 9]; (Tr. 130). Thus, substantial evidence supports the ALJ's findings regarding Plaintiff's mental impairments, including the finding that Plaintiff "does not have another impairment or combination of impairments, . . . mental, that would further reduce his residual functional capacity," and the objection is overruled. (Tr. 15).

Plaintiff's third objection is that the ALJ erred in failing to accord proper weight to the medical opinions of Dr. Chironna. Plaintiff contends that Dr. Chironna, as an examining physician, is entitled substantially greater weight than the evidence of non-examining physicians. At the hearing, Plaintiff's attorney stated that "they had someone come in and take a look at him." (Tr. 280). Based on this, Plaintiff contends that the ALJ should have carried out his duty to develop the record by seeking additional information from Dr. Chironna. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

In addressing Plaintiff's objection, the Court is guided by the Sixth Circuit's holding in a case where the claimant argued that the ALJ erred by failing to give good reasons for rejecting two medical opinions. *Smith v. Comm'r of Social Sec.* 482 F.3d 873, 875 (6th Cir. 2007). The Sixth Circuit held that before determining whether an ALJ failed "to properly consider a medical source, we must first classify that source as a 'treating source.'" *Id.* at

876. Thus, it was not error for the ALJ to reject the opinions of a physician who "examined [claimant] only once . . . and wrote a single 'physical capacity evaluation.'" *Id.* Because the physician lacked treating source status, the Sixth Circuit found that the ALJ did not err in failing to give reasons for not accepting their reports. *Id.* Likewise in the present case and as more thoroughly discussed by Magistrate Judge Guyton, Dr. Chironna was not a treating source. [Doc. 18 at 11.] Like the rejected physician in *Smith*, Plaintiff's counsel stated at the hearing that "they had someone come in and take a look at him" and perform a medical assessment on December 22, 2004. (Tr. 185-88, 285). The record lacks evidence showing that Dr. Chironna qualifies for treating source status in Plaintiff's case. Plaintiff's minimal contact with Dr. Chironna is further supported by the inability of Plaintiff's counsel to identify Dr. Chironna at the hearing. (Tr. 280). Thus, as in *Smith*, it was not error for the ALJ to reject Dr. Chironna's medical assessment in light of the lack of treating source status. *Smith*, 482 F.3d at 876. Accordingly, this objection is overruled.

Plaintiff's fourth objection is that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. Plaintiff argues that the ALJ failed to include any associated limitations with severe hearing loss in his RFC determination. As discussed more fully by Magistrate Judge Guyton, this argument is without merit because the ALJ set out specific restrictions associated with severe hearing loss, namely that "he could not work in loud or noisy environments." [Doc. 18 at 12]; (Tr. 278). These restrictions are supported by evidence in the record. (Tr. 134; 191-92; 239). There is substantial evidence supporting the ALJ's finding that Plaintiff had "good speech recognition" and "adequate and

appropriate" communicative skills, including no difficulty interacting with a physician despite the conversational or low tones of speech. (Tr. 14, 122, 124, 249, 253, 255). As noted by the ALJ, Plaintiff did not appear to need lip reading as evidenced by his ability to respond to questions even when facing the physician. (Tr. 249). Furthermore, for the reasons discussed above, the ALJ's did not err in failing to consider Plaintiff's mental limitations and headaches in his RFC determination. Additionally, the ALJ did not err in not limiting Plaintiff to unskilled work in light of findings that Plaintiff "has a ninth grade education" and "does not have any acquired work skills which are transferable to the skilled or semi skilled work functions of other work." (Tr. 16). As recognized in Magistrate Judge Guyton's report and recommendation, the findings taken in conjunction with the ALJ's RFC determination support a limitation to unskilled work. [Doc. 18 at 13.]

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for supplemental security income; and dismiss this case.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE